UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE WARREN, #M12857 ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 15-cv-1263-SEM |
| ) | |
| OFFICER .WOODS ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and incarcerated at the Pontiac Correctional Center, pursues a § 1983 action against Correctional Officer Woods.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).

## ALLEGATIONS

Plaintiff alleges that on August 28, 2014, the inmate in the next cell hurled a cup of urine on him. Plaintiff spoke with Defendant Correctional Officer Woods, asking that a Lieutenant be called. Defendant Woods denied the request and allegedly threatened to falsely charge Plaintiff with staff assault and to confiscate his television. Defendant did not carry through on the threats but Plaintiff claims to have suffered emotional fear and intimidation.

Plaintiff alleges further that Defendant denied his request to be taken to the medical unit to make sure he would not suffer disease as a result of having urine thrown on him. Plaintiff requests punitive damages and declaratory relief.

## ANALYSIS

Plaintiff does not allege that he was engaged in constitutionally protected activity when he was threatened by Defendant Woods, so does not state a First Amendment retaliation claim. He appears to allege that Defendant's verbal threats were cruel and unusual punishment under the Eighth Amendment. Verbal abuse and harassment, however, are considered *de minimus*

and do not rise to the level of a constitutional violation. *Ingraham v. Wright,* 430 U.S. 651, 674 (1977). *See also, DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000)(verbal abuse does not constitute cruel and unusual punishment). Mere words, even those threatening violence, are not actionable under § 1983. *Caudle-El v. Peters*, 727 F. Supp. 1175, 1179 (N.D.Ill. 1989) (quoting *Simms v. Reiner,* 419 F. Supp. 468, 474 (N.D.Ill. 1976) (officers' threats to withhold medical assistance or kill plaintiff, not an actionable assault).

Plaintiff also fails to state a claim of failure to protect because he does not allege that he faced a substantial risk of serious harm, or that defendant knew of and disregarded that risk. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "A substantial risk of serious harm is one in which the risk is 'so great' that it is "almost certain to materialize if nothing is done." *Wilson v. Ryker,* 451 Fed. Appx. 588, 589 (7th Cir. 2011).

The Court need not consider whether being struck with urine poses a substantial risk of serious harm as Plaintiff does not plead that he warned Defendant in advance. From a fair reading of the complaint, neither Plaintiff nor Defendant was aware that Plaintiff would be doused with urine. "In failure to protect cases, '[a]

prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety.'" *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). *See Henderson v. Sheahan,* 196 F.3d 839, 844-45 & n.2 (7th Cir. 1999)(plaintiff must show both an objective risk of danger and actual knowledge of that risk on the part of Defendants). Here, without actual knowledge of the risk that Plaintiff would be struck with urine, Defendant cannot be found to have been deliberately indifferent to his safety. *See Farmer v. Brennan,* 511 U.S. 825, 833 (1994).

Plaintiff also fails to state a constitutional claim as a result of not being medically evaluated. A prison official may be liable if deliberately indifferent to a prisoner's serious medical need. *Chapman v. Keltner,* 241 F.3d 842, 845 (7th Cir. 2001). The official, however, must know that Plaintiff is at substantial risk of serious harm and nevertheless fail to take reasonable steps to prevent it. *Henderson v. Sheahan,* 196 F.3d 839, 845 (7th Cir. 1999). Here, Plaintiff does not plead that he had a serious medical need or that Defendant was aware of it. Further, while being struck with urine is certainly repugnant, it would not require medical attention.

The facts of this case do not now, and even if replead, could not give rise to a constitutional claim.  As a result, Plaintiff's Complaint is DISMISSED, in its entirety, with prejudice.

**IT IS THEREFORE ORDERED:**

**1)   Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any amendment to the Complaint would be futile because as the facts do not support a constitutional violation.  This case is therefore closed.  All pending motions and internal settings and deadlines are VACATED.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

**2)    This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

**3)    Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

December 1, 2015

ENTERED

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE